UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LYNDELL MARCELL PRITCHARD                                              PETITIONER

VERSUS                                        CIVIL ACTION NO. 3:15CV357-TSL-RHW

SHERIFF BILLY SOLLIE                                                   RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Lyndell Marcell Pritchard filed a petition for writ of habeas corpus filed on May 12, 2015. In his petition he asserts only one ground: "I have been held now in the Lauderdale County Detention Facility for over 9 months without being indicted, taken to trial and my case been presented to the grand jury 4 or 5 times but been rejected." Doc. [1] at 5. In a response supplementing his petition, Pritchard requests that the Court dismiss the charges against him based on alleged speedy trial violations. Doc. [5] at 2. Respondent filed a motion to dismiss the petition on August 5, 2015. Doc. [11]. There are two separate sets of charges pending against Pritchard. Pritchard argues about both sets of charges throughout the pleadings, so it is unclear which of these charges are the subject of his habeas petition.

The record reflects that Pritchard was indicted on May 20, 2014 on two counts of aggravated assault. Doc. [11-1]. On July 5, 2014, while he was out on bond, Pritchard was arrested on charges of murder and possession of a stolen firearm. Doc. [3] at 4-6. As a result of the new charges, Pritchard was ineligible for bond. *Id.* With respect to the aggravated assault charges, Pritchard filed a motion for speedy trial on November 6, 2014. Doc. [11-5]. By order dated November 18, 2014, the case was set for trial February 17, 2015. Doc. [11-6]. There is no indication in the record that Pritchard made a speedy trial request on the murder and weapons

charges.  Ultimately, trial was conducted on April 14-15, 2015, on the aggravated assault charges.  Doc. [11-8].  The jury found Pritchard not guilty as to the second count of aggravated assault but reached no decision on the first count.  *Id.*  The trial court declared a mistrial as to the first count of aggravated assault and set it for retrial on July 27, 2015.  Doc. [11-9].  The trial was later continued due to a death in the trial judge's family, and by agreement of Pritchard's counsel, re-set for September 21, 2015.  Doc. [11-10].  Neither party has provided an update on the status of any of the pending charges against Pritchard.  The motion to dismiss was filed August 5, 2015, prior to the scheduled date of Pritchard's re-trial on the aggravated assault charges.  Pritchard has not filed a formal response in opposition to the motion; however, he filed a pleading dated July 27, 2015, and he submitted a letter to the Court dated August 13, 2015.  Doc. [12] & [14].  The Court has reviewed these additional filings as part of its deliberations.

## Law and Analysis

Pritchard filed the instant petition pursuant to 28 U.S.C. § 2254, though at the time of filing he was a pretrial detainee.  Thus, his petition for federal habeas relief as to those charges are governed by 28 U.S.C. § 2241.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  As the Fifth Circuit explained in *Dickerson*, "although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."  816 F.2d at 225.

At the time that Pritchard filed his petition and at the time Respondent filed the motion to dismiss, Pritchard was facing a re-trial on an aggravated assault charge.  By agreement of

Pritchard's defense attorney, the trial was scheduled to have occurred on September 21, 2015. There is no indication that Pritchard filed a speedy trial motion with respect to the murder and weapons charges. Hence Pritchard has not availed himself of state procedures. To the extent that Pritchard seeks, as a pre-trial detainee, to have any charges dismissed against him based on a speedy trial claim, this argument is without merit. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."). The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court. *Braden*, 410 U.S. at 493. Simply put, Pritchard's request to have charges dismissed against him based on a speedy trial claim is not attainable through federal habeas corpus. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [11] Motion to Dismiss be GRANTED and that Lyndell Pritchard's petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall

file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED, this the 11th day of December, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE